UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                      Plaintiff,                  **REPORT AND**
                                                               **RECOMMENDATION**
             -against-                   CV 18-6594 (JS) (ARL)

ALFONSO THOMPSON, FRANCESCA TORTO
also known as Francesca Thompson and CLERK OF
THE SUFFOLK COUNTY TRAFFIC & PARKING
VIOLATIONS AGENCY,

                      Defendants.
-----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       This matter has been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, Freedom Mortgage Corporation ("FMC"), for a default judgment of foreclosure and sale. For the reasons set forth below, the undersigned respectfully recommends that FMC be awarded a judgment of foreclosure and sale against the defendants, Alfonso Thompson ("Thompson") and Francesca Torto ("Torto"), under the supervision of a referee to be selected by Judge Seybert, reflecting the following amounts to be awarded to FMC: the principal sum of $396,937.37, interest from May 1, 2018 to February 9, 2019, in the amount of $13,022.13, plus $46.22 per day in interest from February 9, 2019 to the date of the entry of the order, miscellaneous charges and disbursements in the amount of $7,692.58, less a credit owed to the borrowers and $1,588.38 in fees and costs, for a total award before the per diem interest of $419,085.33.

**BACKGROUND**

    **I.**      **Factual Background**

       The following facts are taken from the complaint and the papers submitted in support of the motion for default judgment. On June 14, 2017, Thompson and Torto executed and delivered

a mortgage and note to FMC to secure the sum of $402,573.00, on a property commonly known as 27 Osage Drive, Huntington Station, NY 11749 (the "Mortgage and Note"). Compl. ¶¶ 10-11. Copies of the Mortgage and Note are annexed to the Vargas Declaration. Vargas Decl. Ex. A, B. The Mortgage was recorded in the Suffolk County Clerk's Office on July 12, 2017. The initial mortgagee of record was Mortgage Electronic Registration Systems, Inc. ("MERS"). Vargas Decl. Ex. B. Thereafter, the Note and Mortgage was physically delivered to FMC and a written assignment of the mortgage was recorded in the Suffolk County's Office on October 19, 2018 in Liber Mooo22970, Page 584. Vargas Decl. ¶ 3; Thomas Aff. ¶ 6.

Thompson and Torto failed to comply with the terms and provisions of the Mortgage and the instruments secured by the Mortgage by failing to make the monthly payment due on June 1, 2018 and subsequent monthly payments. Compl. ¶ 12; Thomas Aff. ¶ 7. In compliance with RPAPL §1304, a 90 day pre-foreclosure notice was sent to Thompson and Torto via first class and certified mail to 27 Osage Dr, Huntington Station, NY 11746-2033 and to 7512 175th St, Flushing, NY 11366-1508, which is the the defendants' last known address. Thomas Aff. ¶ 8. The notice was mailed on July 6, 2018 and listed at least five (5) housing counseling agencies. *Id.* In addition, within three business days of mailing the notice to Thompson and Torto , FMC complied with the RPAPL 1306(2) registration requirements. *Id.* ¶ 9. A second notice of default was mailed to Thompson and Torto via first class mail to 27 Osage Dr, Huntington Station, NY 11746-2033 on August 1, 2018. Despite being served with the notices, Thompson and Torto remain in default. *Id.* ¶ 11.

II.     **Procedural Background**

FMC commenced this action on November 26, 2018, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301 *et seq.,* seeking to foreclose on the

2

Mortgage.[1]  On January 11, 2019, the Clerk of the Court entered a certificate of default against Thompson, Torto and Clerk of the Suffolk County Traffic & Parking Violations Agency, who was named as a necessary party defendant because it is a judgment creditor by virtue of three Suffolk County Court Judgments docketed on June 8, 2015, March 17, 2017 and April 10, 2018 against Thompson, which is subordinate to the plaintiff's Mortgage.  Vargas Decl. Ex. A.  On March 20, 2019, FMC filed the instant motion for a default judgment of foreclosure and sale.  ECF No. 12.  That motion was referred to the undersigned on October 8, 2019.

## DISCUSSION

### I.     Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).

---

[1] A Certificate of Merit pursuant to CPLR 3012-b was filed contemporaneously with the Complaint.  ECF No. 1.

A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

    **II.**    **Liability**

    A.    Claims Against Thompson and Torto

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap,* CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), Report and Recommendation *adopted by*, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014). Here, FMC has presented the requisite documentation including the Mortgage, the Note, and the Notice of Default, to establish a prima facie case. Neither Thompson or Torto have made an affirmative showing to overcome the plaintiff's prima facie case. Therefore, it is respectfully recommended that a default judgment should be entered against Thompson and Torto.

    B.    Claims Against Suffolk County Traffic & Parking Violations Agency

As stated above, the complaint names Suffolk County Traffic & Parking Violations Agency as a defendant because it is alleged to have an interest in the subject property. Compl. ¶ 5. RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of

all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)).  Courts in this district have found that entry of default judgment "is appropriate where the complaint alleges 'nominal liability -- i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id.* (quoting *Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov.17, 2009)).  Here, the complaint contains well-pleaded allegations of nominal liability on the part of the non-mortgagor defendants.  Compl. ¶¶ 5-6.  The undersigned, therefore, respectfully recommend that a default judgment be also entered against the Suffolk County Traffic & Parking Violations.

### III.    Damages

FMC seeks $396,937.37 in principal owed on the Note and interest at a rate of 4.25% from May 1, 2018 through February 9, 2019, amounting to $13,022.13.  *See* Thomas Aff. ¶ 11.  In support of its claim for damages, FMC has submitted the Affidavit of Lisa Thomas, an FCL Specialist III with FMC, which breaks down the amounts owed.  *Id.*  Thomas also avers that $712.89 is owed in late charges, $5,803.01 were made in tax disbursements on December 14, 2018 and $1,093.16 was paid for Primary Mortgage Insurance.  *Id.*  Finally, $83.52 was expended for property inspections.  By virtue of his default, Thompson and Torto have not objected to the plaintiff's calculations.  After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in Windward's favor in the amount of $417,496.95.[2]

---

[2] Thompson and Torto received a credit of $155.13.

5

Finally, FMC seeks additional damages of $1,633.38 as compensation for fees and costs. Based on the documentation submitted by the plaintiff, the undersigned recommends that FMC be awarded $400 for the federal filing fee, $663.38 for title searches, $305 in process server costs, and $220 for the Notice of Pendency filing fee, but that the remaining costs be denied. In sum, the undersigned recommends that FMC be awarded an additional to $1,588.38 in fees and costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
       January 9, 2020

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge